UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE 200,

    Plaintiff,

v.

DARREN K. INDYKE AND RICHARD
D. KAHN AS CO-EXECUTORS OF
THE ESTATE OF JEFFREY E. EPSTEIN,

    Defendants.

Civil Action No.: 1:24-cv-4775-ER

---

# ANSWER AND AFFIRMATIVE DEFENSES OF THE CO-EXECUTORS OF THE ESTATE OF JEFFREY E. EPSTEIN

Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), through their undersigned counsel, hereby respond to Plaintiff Jane Doe 200's ("Plaintiff") Complaint (ECF No. 1) (the "Complaint") as follows:

## PARTIES

1. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint.

2. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, except admit that Plaintiff filed the Complaint under a pseudonym.

3. The Co-Executors lack knowledge or information sufficient to form a belief about the meaning and thus the truth of the phrases "[a]t all times material" and "man of extraordinary wealth" as used in Paragraph 3 of the Complaint. The Co-Executors admit that Jeffrey E. Epstein (the "Decedent") was a citizen of the United States and resident of the U.S. Virgin Islands, and

that, during his lifetime, the Decedent stayed at and travelled among real properties he beneficially owned, including a property located at 9 East 71st Street in New York, New York.

4. The Co-Executors lack knowledge or information sufficient to form a belief about the meaning and thus the truth of the phrase "[a]t all times material" as used in Paragraph 4 of the Complaint. The Co-Executors admit the remaining allegations in Paragraph 4 of the Complaint.

5. The Co-Executors deny the allegations in Paragraph 5 of the Complaint except admit that, on September 6, 2019, the Superior Court of the Virgin Islands Division of St. Thomas and St. John issued Letters Testamentary appointing the Co-Executors as co-executors for the Decedent's estate, and refer thereto for the full text, terms, and meaning thereof.

6. The Co-Executors lack knowledge or information sufficient to form a belief about the meaning and thus the truth of the phrase "[a]t all times material" as used in Paragraph 6 of the Complaint. The remaining allegations in Paragraph 6 of the Complaint state legal conclusions to which no response is required. To the extent a response to those legal conclusions or the remainder of the paragraph is required, the Co-Executors deny the allegations in Paragraph 6 of the Complaint.

## JURISDICTION, VENUE, AND TIMELINESS

7. Paragraph 7 of the Complaint states legal conclusions to which no response is required. To the extent a response to those legal conclusions or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint states legal conclusions to which no response is required. To the extent a response to those legal conclusions or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint states legal conclusions to which no response is required. To the extent a response to those legal conclusions or the remainder of the paragraph is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states legal conclusions to which no response is required. To the extent a response to those legal conclusions or the remainder of the paragraph are required, the Co-Executors admit the allegations in the first sentence of Paragraph 10 of the Complaint. The Co-Executors deny the allegations in the second sentence of Paragraph 10, and refer to the Tolling Agreement for the full text, terms and meaning thereof.

## FACTUAL ALLEGATIONS

11. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint.

12. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint.

13. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint.

14. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint.

15. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint.

16. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint.

17. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint.

18. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint.

19. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint.

20. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint.

21. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint.

22. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint.

23. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint.

24. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 of the Complaint.

25. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint.

26. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint.

27. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint.

28. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 of the Complaint.

29. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint.

30. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint.

31. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint.

32. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint.

33. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint.

34. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint.

35. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint.

36. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 of the Complaint.

37. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint.

38. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38 of the Complaint.

39. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 of the Complaint.

40. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40 of the Complaint.

41. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41 of the Complaint.

42. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint.

43. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint.

44. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 of the Complaint.

45. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 of the Complaint.

46. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 of the Complaint.

47. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47 of the Complaint.

48. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48 of the Complaint.

49. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49 of the Complaint.

## COUNT I
### BATTERY/VIOLATION OF SECTION 130
### AGAINST DARREN K. INDYKE AND RICHARD D. KAHN AS CO-EXECUTORS OF THE ESTATE OF JEFFREY E. EPSTEIN

50. The Co-Executors repeat and reallege the responses to Paragraphs 1 through 49 as if fully set forth herein.

51. The allegations in Paragraph 51 of the Complaint and subparts a through e thereto state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51 of the Complaint.

52. The allegations in Paragraph 52 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint.

53. The allegations in Paragraph 53 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint.

The "WHEREFORE" paragraph after Paragraph 53 of the Complaint states Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, based on a general lack of knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, the Co-Executors deny that Plaintiff is entitled to the relief stated, or to any other relief.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### AGAINST DARREN K. INDYKE AND RICHARD D. KAHN AS CO-EXECUTORS OF THE ESTATE OF JEFFREY E. EPSTEIN

54. The Co-Executors repeat and reallege the responses to Paragraphs 1 through 54 as if fully set forth herein.

55. The Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint.

56. The allegations in Paragraph 56 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint.

57. The allegations in Paragraph 57 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58 of the Complaint.

59. The allegations in Paragraph 59 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59 of the Complaint.

60. The allegations in Paragraph 60 of the Complaint state legal conclusions to which no response is required. To the extent a response is required, the Co-Executors lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 of the Complaint.

The "WHEREFORE" paragraph after Paragraph 60 of the Complaint states Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, based on a general lack of knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations, the Co-Executors deny that Plaintiff is entitled to the relief stated, or to any other relief.

## JURY DEMAND

The "JURY DEMAND" paragraph of the Complaint states Plaintiff's demand for a jury trial, to which no response is required. To the extent a response is required, the Co-Executors deny that Plaintiff is entitled to a trial, whether a jury trial or otherwise.

The Co-Executors deny any and all allegations in the Complaint not expressly admitted herein.

## CO-EXECUTORS' AFFIRMATIVE DEFENSES

The Co-Executors assert the following affirmative defenses. By pleading these defenses, the Co-Executors do not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff. Moreover, nothing stated herein is intended to or shall be construed as a concession that any particular issue or subject matter is relevant to Plaintiff's allegations.

1. **Failure to State a Claim**. Plaintiff's Complaint fails, in whole or in part, to state a claim against the Co-Executors upon which relief can be granted.

2. **Damages/Failure to Mitigate**. Plaintiff's claims against the Co-Executors are barred to the extent Plaintiff has not suffered any damages; alternatively, Plaintiff's claims against

the Co-Executors are barred to the extent Plaintiff has not been damaged to the extent alleged; and/or Plaintiff failed to mitigate any damages she may have suffered.

3. **Statute of Limitations**. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

4. **Intervening/Superseding Causes/Contribution**. To the extent the injuries and damages that Plaintiff alleges were proximately caused by, or contributed to by, the acts of persons or entities other than Decedent, and said acts were intervening or superseding causes of the injuries and damages, if any, which Plaintiff alleges, Plaintiff is barred from any recovery against the Co-Executors.

5. **Comparative Fault of Third Parties**. If and to the extent that the Co-Executors are subjected to any liability to Plaintiff due, in whole or in part, to the acts, omissions, activities, carelessness, recklessness, negligence, and intentional misconduct of persons or entities other than Decedent, any recovery obtained by Plaintiff against the Co-Executors should be reduced in proportion to the respective negligence and fault and legal responsibility of all such other persons and entities, and their agents, servants and employees who contributed to or caused any such injury or damages, in accordance with the law of comparative negligence; the liability of the Co-Executors, if any, is limited in direct proportion to the percentage of fault actually attributed to Decedent.

6. **Set-Off**. If and to the extent that the Co-Executors are subjected to any liability to Plaintiff, the Co-Executors are entitled to a set-off and reduction of any damages awarded to or recovery by Plaintiff from other sources, including but not limited to from the Epstein Victims' Compensation Program, other Epstein-related entities, JP Morgan Chase and its affiliates, and Deutsche Bank and its affiliates.

7.      **Release**.  To the extent Plaintiff released and/or discharged Plaintiff's claims against the Decedent, any Decedent-related entities, or the Co-Executors, such claims are barred by the terms of the respective releases and/or discharges.

8.      **Waiver, Estoppel, Laches**.  Plaintiff's claims against the Co-Executors are barred by the doctrines of waiver, estoppel, and laches.

The Co-Executors have not knowingly or intentionally waived any applicable affirmative defenses and reserve the right to assert and rely upon such affirmative defenses as may become available or apparent during discovery.  The Co-Executors further reserve the right to amend their Answer and Affirmative Defenses accordingly and to correct any errors and omissions.

WHEREFORE, the Co-Executors respectfully demand judgment as follows: (a) A judgment in favor of the Co-Executors and against Plaintiff dismissing the Complaint in its entirety; and (b) Such other further relief as this Court deems just and proper.

Dated: New York, New York
August 27, 2024

TROUTMAN PEPPER HAMILTON SANDERS LLP

By:   */s/ Bennet J. Moskowitz*
     Bennet J. Moskowitz
     875 Third Avenue
     New York, NY 10022
     (212) 704-6000
     bennet.moskowitz@troutman.com

*Attorneys for Defendant Darren K. Indyke, in his capacity as the Executor for the Estate of Jeffrey E. Epstein*

PATTERSON BELKNAP WEBB & TYLER LLP

By:   */s/ Daniel R. Ruzumna*
     Daniel S. Ruzumna
     1133 Avenue of the Americas
     New York, NY 10036
     (212) 336-2000
     druzumna@pbwt.com

*Attorneys for Defendant Richard D. Kahn, in his capacity as the Executor for the Estate of Jeffrey E. Epstein*