

www.pbwt.com

March 20, 2025

Daniel Ruzumna
(212) 336-2034
druzumna@pbwt.com

**VIA ECF**

The Honorable Edgardo Ramos
United States District Judge
40 Foley Square
New York, NY 10007

      Re:     <u>*Doe 200 v. Indyke et al.*, Case No. 24-cv-4775 (ER)</u>

Dear Judge Ramos:

      Pursuant to Rule 2.A of Your Honor's Individual Rules and Local Civil Rule 37.2, we write on behalf of Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (the "Estate"), to request an informal conference before filing a motion for a protective order with respect to Plaintiff's Second Request for Production (Ex. A) and Plaintiff's non-party document subpoena to Mr. Indyke in his personal capacity (Ex. B, and together, the "Requests").

      The Requests demand the production of all documents that relate to any allegation of sexual assault ever made against Epstein, whether publicly or confidentially. As explained in the Objections to the Requests, Exs. C and D, the Requests threaten the privacy interests of alleged victims who have confidentially claimed assault by Epstein, and because they are unbounded by time or the nature of Plaintiff's allegations, they seek production of documents related to allegations by over one hundred women involving incidents which, by Plaintiff's own admission, are distinct from the claims she asserts. On their face, the Requests are not proportional to Plaintiff's claim that Epstein sexually assaulted her once in 2001 after a long-term, serious relationship.

      In the parties' meet-and-confer session, Plaintiff's counsel argued that because Federal Rule of Evidence 415 permits the admission of evidence of prior sexual assaults by a defendant, Plaintiff may probe decades of documents regarding highly sensitive allegations regardless of when the alleged assault occurred, whether the allegations bear any resemblance to Plaintiff's, or whether the document itself relates to sexual assault. Given their experience representing over 50 women in disputes with Epstein or the Estate, Plaintiff's lawyers do not need this discovery to learn about the allegations against Epstein or the women who made them. Plaintiff's overbroad demands were served with the express purpose of burdening the Co-Executors and Mr. Indyke.

      In addition, the Requests seek irrelevant information regarding the identity of the beneficiaries of the Estate and a certain Epstein trust, and information concerning all payments made to the Co-Executors by the Estate. That information has no bearing on Plaintiff's allegations of abuse, and there is no basis for requiring either the Co-Executors or Mr. Indyke individually to produce documents on those issues.

Patterson Belknap Webb & Tyler LLP    1133 Avenue of the Americas, New York, NY 10036    T 212.336.2000    F 212.336.2222
15607894v.10

Hon. Edgardo Ramos
March 20, 2025
Page 2

I. **The Requests Are Not Proportional to Plaintiff's Claims.**

Plaintiff claims she was Epstein's girlfriend until Epstein raped her once in the fall of 2001. Dkt. No. 1 ¶¶ 18, 33. Plaintiff alleges that after that assault, she saw Epstein only one other time, and that she was not assaulted by Epstein again. *Id.* ¶¶ 44-48. Plaintiff nevertheless argues that she is entitled to *all* documents that could relate to sexual assault of any woman (or molestation of a child) by Epstein, regardless of when the abuse occurred or the alleged circumstances of the assault. But the Estate has settled with 191 women who claim that Epstein abused them over the three decades before his death. Searching for and producing documents relating to all of these women—including *all* communications with Epstein regardless of subject matter—would unreasonably burden the Co-Executors and Mr. Indyke, outweighing any purported benefit to Plaintiff given the limited nature of her claims. Plaintiff's requests fall outside the scope of permissible discovery. *See Russell v. Scott*, No. 20-cv-184-GWC, 2022 WL 3084339, at *10 (D. Vt. Aug. 3, 2022) (denying "overbroad" request for all prior grievances against defendant because "it includes no time limit … [or] limitation regarding subject matter"); *see also Beverley v. New York City Health & Hosps. Corp.*, No. 18-cv-08486 (ER), 2024 WL 1342806, at *9 (S.D.N.Y. Mar. 29, 2024) (denying motion to compel document requests without temporal limitation).

By asking for information related to all sexual abuse by Epstein, Plaintiff—who is proceeding under a pseudonym—asks the Co-Executors and Mr. Indyke in his individual capacity to reveal confidential information about women who have also sought to remain anonymous. Plaintiff has recognized the paramount importance of such confidentiality determinations in the past, ECF No. 4 at 2, yet entirely disregards these concerns in her Requests. Indeed, many of these women opted to settle out of court specifically so that they could remain confidential. Plaintiff's interest in potentially bolstering her claims by identifying witnesses who might provide testimony about unrelated, alleged sexual assaults does not justify the disclosure of such documents.

Plaintiff's requests are also impermissibly cumulative. To the extent Plaintiff seeks evidence that Epstein assaulted others in order to support her own claim, discovery regarding a far narrower set of alleged victims would be sufficient. In the parties' meet and confer, the Co-Executors proposed searching for and producing documents concerning ten alleged victims, to be selected by Plaintiff, from Plaintiff's counsel's former client list or a list provided by the Co-Executors. Plaintiff refused, suggesting an intention to make this case about allegations by scores of women bearing no resemblance to her own claims. Where, as here, the discovery sought is "unreasonably cumulative or duplicative," Rule 26(b)(2)(C) instructs courts to limit "the frequency or extent of discovery" to avoid undue burden to the producing party.

II. **FRE 415 Does Not Support the Overbroad Scope of the Requests.**

Rule 415 does not authorize boundless, cumulative discovery of untested allegations that reveal third parties' confidential information. Courts have limited exactly the kinds of information that Plaintiff seeks to discover here. Plaintiff has conceded that her allegations are not like those raised by other alleged Epstein victims. *See* Dkt. No. 1 ¶¶ 34-35 (Epstein's assault of Plaintiff "was different from his now widely reported *modus operandi*"). Notwithstanding Rule 415, courts frequently exclude evidence of prior dissimilar sexual assaults because "the introduction of

Hon. Edgardo Ramos
March 20, 2025
Page 3

dissimilar past acts runs the risk of confusing the issues in the trial and wasting valuable time." *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 156 (3d Cir. 2002); *see also United States v. Barnason*, 852 F. Supp. 2d 367, 377 (S.D.N.Y. 2012) (excluding evidence of prior sexual assaults because "the [sexual assaults] alleged in the instant action are dissimilar from [defendant's] previous crimes"); *Montanez v. City of Syracuse*, No. 616-cv-00550(BKS)(TWD), 2019 WL 4328872, at *8 (N.D.N.Y. Sept. 12, 2019) (excluding dissimilar sexual assault evidence).

As explained above, the evidence that Plaintiff seeks is vastly disproportionate to this case, which involves a single sexual assault that allegedly occurred over 24 years ago. *See Constand v. Cosby*, 232 F.R.D. 494, 499 (E.D. Pa. 2006) (limiting discovery into prior sexual assaults because "[u]nfettered discovery of the type sought, if productive, would expose and bring into the controversy non-parties who … have not voluntarily agreed to provide personal information that may be relevant to this dispute"); *Fossil Grp. v. Angel Seller LLC*, 20-CV-2441, 2021 WL 5181308, at *7 (S.D.N.Y. Oct. 22, 2021) (denying motion to compel prior settlement agreements that "would implicate the privacy interests of third parties"). At trial, courts frequently exclude evidence that is "cumulative" or lacks a "temporal perimeter" even if it could be admissible under Rule 415. *See Boyce v. Weber*, No. 19-CV-3825 (JMF), 2021 WL 2821154, at *9 (S.D.N.Y. July 7, 2021) (excluding Rule 415 testimony "in order to avoid [the] needlessly cumulative presentation of evidence"); *see also Montanez*, 2019 WL 4328872, at *8 (excluding evidence of past sexual assaults where "the length of time between the alleged incidents, at least 10 years, reduces the probative value"). The scope of documents Plaintiff seeks are vastly disproportionate to the needs of this case and should be substantially limited.

### III. The Remaining Requests Seek Documents Irrelevant to Plaintiff's Claims

Plaintiff also improperly seeks documents identifying the beneficiaries of the Estate and of a trust set up by Epstein, as well as other financial records of the Estate, that are irrelevant to the claims and defenses at issue. Plaintiff claims that such information is "impeachment evidence" since it could identify the Co-Executors among the potential beneficiaries. This argument fails, however, because it is based on the fiction that the Co-Executors are witnesses, even though (a) Plaintiff has never met the Co-Executors, (b) the Co-Executors have never been accused of personally participating in any abuse by Epstein, and (c) Mr. Kahn was not even employed by Epstein until four years after the events underlying Plaintiff's claim. As explained in their February 28 filing, the Co-Executors do not have personal knowledge of the veracity of any allegations of sexual abuse against Epstein, *see* Dkt. No. 42, and their role as Co-Executors in negotiating settlements for the Estate does not provide such knowledge or justify a fishing expedition for purported impeachment evidence. Plaintiff should not be permitted to pretend that the Co-Executors are percipient witnesses for the purpose of justifying wide-ranging discovery merely to discredit their hypothetical testimony. *Cf. Doe v. United States*, No. 22 C 50128, 2024 WL 770752, at *2 (N.D. Ill. Feb. 2, 2024) (discovery sought "in the hopes of generating impeachment evidence for use against individuals who may not even testify at trial [] appears tangentially relevant at best"). In the Parties' meet and confer, the Co-Executors asked if answering Plaintiff's requests for admission as to whether they are among the potential beneficiaries would suffice; tellingly, Plaintiff rejected the compromise. As with her other requests, the intent is merely to burden and harass.

15607894v.10

Hon. Edgardo Ramos
March 20, 2025
Page 4

\*   \*   \*

  Because Plaintiff's Requests are irrelevant and disproportionate to the needs of this case, and their benefit would be outweighed by any burden to the Co-Executors and Mr. Indyke individually, this Court should issue a protective order striking, or substantially limiting the scope of, her proposed discovery.

Respectfully submitted,

Daniel S. Ruzumna

cc: All counsel of record (via ECF)

15607894v.10