# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE 200,<br><br>     *Plaintiff,*<br><br>v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN AS CO-EXECUTORS OF THE ESTATE OF JEFFREY E. EPSTEIN,<br><br>     *Defendants.* | Civil Action No. 1:24-cv-4775-ER |

**CO-EXECUTORS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S**
**SECOND REQUEST FOR PRODUCTION**

  Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the United States District Court for the Southern District of New York (the "Local Rules," and together with the Federal Rules, the "Rules"), Defendants Darren K. Indyke and Richard D. Kahn (the "Co-Executors"), in their capacities as the co-executors of the Estate of Jeffrey E. Epstein (the "Epstein Estate"), hereby respond and object to Plaintiff Jane Doe 200's ("Plaintiff") Second Request for Production to the Co-Executors, served on February 25, 2025 (the "Requests," and each individual request, a "Request"), as follows:

**GENERAL OBJECTIONS**

  The following General Objections apply to and are incorporated in each and every Definition, Instruction and Request, whether or not expressly incorporated by reference in an individual response or objection.

1

1.      The Co-Executors object to each and every Definition, Instruction and Request to the extent that it seeks information protected from disclosure by the attorney-client privilege or protection, the attorney work-product doctrine, the joint defense or common interest doctrine, or other applicable privileges and protections. Should any response by the Co-Executors include such privileged or protected documents, that disclosure is inadvertent and shall not constitute a waiver of any privilege or of any other ground for objecting to discovery with respect to those documents, or any portion of a specific document, or of the Co-Executors' right to object during this litigation or otherwise to the use of any such documents, the information contained therein, or the subject matter thereof. (Throughout these Responses, the Co-Executors refer to the objections contained in this paragraph as "Objection 1.")

2.      The Co-Executors object to each and every Definition, Instruction and Request to the extent it is overbroad, unduly burdensome, unreasonably cumulative or duplicative of other Requests, seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of this litigation, including without limitation the production of: (a) electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden or cost, such as backup tapes or drives; (b) "all" documents when all relevant facts can be obtained from fewer than "all" documents; (c) documents and information within Plaintiff's possession, custody or control; or (d) documents and information obtainable by Plaintiff from some other source that is more convenient, less burdensome or less expensive, including public sources. (Throughout these Responses, the Co-Executors refer to the objections contained in this paragraph as "Objection 2.")

3.      The Co-Executors object to each and every Definition, Instruction and Request to the extent it calls for a legal conclusion, or purports to require the Co-Executors to form, read, set forth or perform a legal analysis. (Throughout these Responses, the Co-Executors refer to the objections contained in this paragraph as "Objection 3.")

4.      The Co-Executors object to each and every Definition, Instruction and Request to the extent that it seeks materials that are duplicative of another Request made to them in this litigation. The Co-Executors will not produce identical copies of documents or things that have already been produced. (Throughout these Responses, the Co-Executors refer to the objections contained in this paragraph as "Objection 4.")

5.      The Co-Executors object to each and every Definition, Instruction and Request to the extent it is inconsistent with, or seeks to enlarge, their obligations to respond as imposed by law, including but not limited to the Rules and/or other agreements, rules and orders governing this matter. The Co-Executors will conduct reasonable searches for responsive documents as described herein, but will not endeavor to describe documents that are not in the Epstein Estate's possession, custody or control. (Throughout these Responses, the Co-Executors refer to the objections contained in this paragraph as "Objection 5.")

6.      To the extent the Co-Executors state that they "will produce" or "will perform a reasonable search for and produce" certain documents called for by the Requests (or any words of similar import), those statements do not signify that such documents or information exist or are within the Epstein Estate's possession, custody or control; the words are intended simply to indicate that the Co-Executors intend to conduct a reasonable search of documents in the Epstein Estate's possession, custody or control and will produce responsive, non-privileged documents if

located, pursuant to the other terms of these Responses and Objections. Moreover, any and all document productions by the Co-Executors are subject to the parties' Stipulated Protective Order, entered by the Court on November 15, 2024 (ECF No. 20).

7.      The Co-Executors' decision, now or in the future, to identify or produce documents notwithstanding the objectionable nature of any of the Requests, should not to be construed as: (a) an agreement that the information contained therein is relevant or admissible, (b) an agreement that any identified person is competent to testify concerning any subject, (c) a waiver of the General Objections, Objections to Definitions, Objections to Instructions or objections asserted in response to specific Requests, or (d) an agreement that Requests requesting similar information or documents will be treated in a similar manner. All such defenses and objections are expressly reserved.

8.      The Co-Executors reserve the right to supplement, amend, modify, and correct their responses and objections. In responding to each Request, the Co-Executors do not waive and expressly preserve: (a) all objections to the competence, relevance, materiality, admissibility or use of the documents, the information contained therein, or the subject matter thereof in any aspect of this litigation or any other court action, arbitration, mediation, hearing, proceeding or investigation; and (b) their right to amend, supplement, correct or clarify their responses or objections.

## OBJECTIONS TO DEFINITIONS

1.      The Co-Executors object to the definition of "documents" to the extent that it exceeds the definition set out in Local Rule 26.3(c)(2). The Co-Executors shall apply the Local Rule's definition of "documents."

4

## OBJECTIONS AND RESPONSES TO SPECIFIC DOCUMENT REQUESTS

The Co-Executors' objections and responses to each Request set forth below shall be deemed to incorporate by reference, as applicable, the General Objections, Objections to Instructions and Objections to Definitions, as if each were fully set forth herein. The act of making one or more reservations and objections in response to a specific Request is not, and shall not be construed as, a waiver of other grounds of objection to that Request. Subject to all of the foregoing, the Co-Executors respond to each Request as follows:

### REQUEST NO. 1

Produce all documents related to any sexual assault that Jeffrey E. Epstein committed or has been alleged to have been committed between January 1, 1995 through August 10, 2019.

### RESPONSE TO REQUEST

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request to the extent that it is duplicative of Request Nos. 3, 10, and 15. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request as they have no knowledge as to who, if anyone, Epstein actually sexually assaulted. The Co-Executors further object to this Request on the grounds that any documents responsive to this request would include only allegations in civil lawsuits (or pre-civil lawsuit negotiations), which are not admissible for their truth in this matter. The Co-Executors further object to this Request as duplicative in relevant part of documents already in Plaintiff's possession or publicly available, and thus equally available to Plaintiff from another, less burdensome source. The Co-Executors further object to this Request because it seeks documents that are not relevant

5

to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Co-Executors are willing to meet and confer about searching for and producing categories of documents related to specific individuals who have alleged that they were sexually assaulted by Epstein, if Plaintiff identifies the individuals and the types of documents (other than public court filings and confidential mediation communications) sought.

### REQUEST NO. 2

Produce all documents provided to Jeffrey E. Epstein or the Estate of Jeffrey E. Epstein in support of any claim of sexual abuse on behalf of any alleged victim of sexual assault alleged to have been committed by Jeffrey E. Epstein. This Request encompasses all documents that were provided to Jeffrey Epstein or his attorneys while he was alive, or documents provided to the Estate of Jeffrey E. Epstein or the co-executors after he died.

### RESPONSE TO REQUEST

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5.  The Co-Executors further object to this Request to the extent that it is duplicative of Request Nos. 4, 5, and 15.  The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements.  The Co-Executors further object to this Request as duplicative in relevant part of documents already in Plaintiff's possession or publicly available, and thus equally available to Plaintiff from another, less burdensome source. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

6

**REQUEST NO. 3**

Produce all documents related to any sexual assault committed by or alleged to have been committed by Jeffrey E. Epstein.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5.  The Co-Executors further object to this Request to the extent that it is duplicative of Request No. 1.  The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements.  The Co-Executors further object to this Request as they have no personal knowledge as to who, if anyone, Epstein actually sexually assaulted.  The Co-Executors further object to this Request on the grounds that any documents responsive to this request would include only allegations in civil lawsuits (or pre-civil lawsuit negotiations), which are not admissible for their truth in this matter.  The Co-Executors further object to this Request as duplicative in relevant part of documents already in Plaintiff's possession or publicly available, and thus equally available to Plaintiff from another, less burdensome source.  The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Co-Executors are willing to meet and confer about searching for and producing categories of documents related to specific individuals who have alleged that they were sexually assaulted by Epstein, if Plaintiff identifies the individuals and the types of documents (other than public court filings and confidential mediation communications) sought.

**REQUEST NO. 4**

Produce all documents evidencing payments made to each alleged victim for the purpose of full or partial settlement of any lawsuit alleging sexual assault or claim of sexual assault by Jeffrey E. Epstein.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request to the extent that it is duplicative of Request Nos. 2, 5, and 18. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request on the grounds that any documents responsive to this request are inadmissible evidence of compromise pursuant to Federal Rule of Evidence Rule 408 and presumptively not discoverable. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 5**

Produce all documents exchanged in the lawsuits or claims that resulted in settlement payments referenced in Request 4, between any alleged victim of Jeffrey E. Epstein's sexual assaults or her representative and Jeffrey E. Epstein or the Estate of Jeffrey E. Epstein or any representative thereof. This Request includes but is not limited to demand letters, responses to demand letters, complaints, discovery production, responsive documents including electronic communications between Jeffrey E. Epstein and any alleged victim, and any documents prepared by Jeffrey E. Epstein or the Estate of Jeffrey E. Epstein, that was provided to a mediator or counsel for the alleged sexual assault victim either in support or defense of the referenced sexual assault claim.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request to the extent that it is duplicative of Request Nos. 2 and 4. The Co-Executors further object to this Request to the extent that it purports to require them to disregard

8

existing court orders and/or confidentiality agreements.  The Co-Executors further object to this Request on the grounds that any documents responsive to this request are inadmissible evidence of compromise pursuant to Federal Rule of Evidence Rule 408 and presumptively not discoverable.  The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 6**

Produce all documents in the possession, custody, or control of the Estate of Jeffrey E. Epstein that support allegations that Jeffrey E. Epstein committed any sexual assaults or child molestations.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5.  The Co-Executors further object to this Request as irrelevant to the extent that it seeks documents concerning allegations of "child molestations."  The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.  The Co-Executors further object to this Request as vague, ambiguous, and not reasonably particular because it requires the Co-Executors to make a determination as to whether each particular document "support[s] allegations that Jeffrey E. Epstein committed any sexual assaults."

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 7**

Produce all electronic communications between Jeffrey E. Epstein and any female who ever claimed Jeffrey E. Epstein committed a sexual assault against her. This request is not limited to only those communications making claims of sexual assault but instead requests

the production of all communications between Jeffrey E. Epstein on the one hand and the individual who at some point claimed Jeffrey E. Epstein committed sexual assault against her on the other hand.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request to the extent that it is duplicative of Request No. 18. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Co-Executors are willing to meet and confer about searching for and producing categories of communications between Epstein and specific individuals who have alleged that they were sexually assaulted by Epstein, if Plaintiff identifies the individuals in question.

**REQUEST NO. 8**

Provide all charts or summaries that provide any of the following information: the number of sexual assault victims who made claims of sexual assault against Jeffrey E. Epstein or his Estate, the allegations of any such claim inclusive of location and time frame of the alleged assault(s), any determination on the validity of the claim, any monetary payment amount made to settle the claim, and the date of any such payment.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request to the extent that it is duplicative of Request No. 18. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request as they have no personal knowledge as to who, if anyone, Epstein actually sexually

assaulted. The Co-Executors further object to this Request on the grounds that any documents responsive to this request would be attorney work product. The Co-Executors further object to this Request on the grounds that any documents responsive to this Request would be based only on allegations in civil lawsuits (or pre-civil lawsuit negotiations), which are not admissible for their truth in this matter. The Co-Executors further object to this Request on the grounds that any documents responsive to this request are inadmissible evidence of compromise pursuant to Federal Rule of Evidence Rule 408. The Co-Executors further object to this Request as duplicative in relevant part of documents already in Plaintiff's possession or publicly available, and thus equally available to Plaintiff from another, less burdensome source. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 9**
All documents evidencing any protocol utilized by the Co-Executors of the Estate of Jeffrey E. Epstein to determine the validity of any sexual assault claim against Jeffrey E. Epstein and the determination of the amount of any payment to settle the claim.
**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors object to this Request on the grounds that any documents responsive to this Request would be protected from disclosure by the attorney-client privilege or the work product doctrine. The Co-Executors further object to this Request on the grounds that any documents responsive to this Request are inadmissible evidence of compromise pursuant to Federal Rule of Evidence Rule 408.

Subject to and without waiving the foregoing objections, the Co-Executors note that they have no documents evidencing a protocol to determine the "validity" of any sexual assault claim

11

against Jeffrey E. Epstein or his Estate. The Co-Executors will not search for or produce any other documents in response to this Request.

### REQUEST NO. 10

Produce all documents in which allegations or claims of sexual assault, facilitation of sexual assault, conspiracy to commit sexual assault, claims of sex-trafficking or the facilitation of sex trafficking, has been made against Darren Indyke or Richard Kahn. This request requires the production of responsive documents irrespective of whether the allegations were made in a lawsuit, pre-suit claim or otherwise.

### RESPONSE TO REQUEST

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request on the grounds that any documents responsive to this Request would be based only on allegations in civil lawsuits (or negotiations preceding those lawsuits), which are not admissible for their truth in this matter. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party.

The Co-Executors will not search for or produce documents in response to this Request.

### REQUEST NO. 11

Produce all documents in support or defense of allegations of sexual assault against Jeffrey E. Epstein stemming from the Florida State or Federal investigations that resulted in his arrest including, *State of Florida v. Jeffrey Epstein*, Case No. 06-CF009454-AMB; *State of Florida v. Jeffrey Epstein*, Case No. 09-CV009381-AMB.

### RESPONSE TO REQUEST

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because documents concerning *State of Florida v. Jeffrey Epstein*,

Case No. 06-CF009454-AMB and *State of Florida v. Jeffrey Epstein*, Case No. 09-CV009381-AMB are irrelevant to the issues raised by the claims and defenses of any party. The Co-Executors further object to this Request to the extent it seeks documents that are protected by the attorney-client and/or work-product privileges. The Co-Executors further object to this Request as unduly burdensome to the extent that it requires them to determine what "documents in support or defense of allegations of sexual assault against Jeffrey E. Epstein stemming from the Florida State or Federal investigations" exist, given that these matters were resolved nearly twenty years ago. The Co-Executors further object to this Request because it is not proportional to the needs of the case. The Co-Executors further object to this Request as vague, ambiguous, and not reasonably particular because it requires the Co-Executors to make a determination as to whether any particular document is "in support or defense of" allegations in an unrelated case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 12**

Produce all documents in support or defense of the allegations of sexual assault against Jeffrey E. Epstein stemming from the federal investigation that resulted in his arrest; *United States of America v. Jeffrey Epstein*, Case No. 19-CR-490-RMB.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because documents concerning *United States of America v. Jeffrey Epstein*, Case No. 19-CR-490-RMB are irrelevant to the issues raised by the claims and defenses of any party. The Co-Executors further object to this Request to the extent it seeks documents that are protected by the attorney-client and/or work-product privileges. The Co-Executors further object to this Request because it is not proportional to the needs of the case. The Co-Executors further object to this Request as vague, ambiguous, and not reasonably particular because it

13

requires the Co-Executors to make a determination as to whether any particular document is "in support or defense of" allegations in an unrelated case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 13**
Produce all documents authored by Jeffrey E. Epstein while he was in Federal Custody on sex-trafficking charges in 2019.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party. The Co-Executors further object to this Request as not proportional to the needs of the case. The Co-Executors further object to this Request to the extent it seeks documents that are protected by the attorney-client privilege, such as communications between Epstein and his attorneys.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 14**
Produce all documents evidencing any changes or modifications to Jeffrey E. Epstein's will or trust documents between November 2018 and his arrest on federal sex-trafficking charges in July 2019.

**RESPONSE TO REQUEST**

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

14

**REQUEST NO. 15**

Produce all documents that have been produced by Darren K. Indyke, Richard D. Kahn, or the Estate of Jeffrey E. Epstein with respect to the litigation in *Doe 3 v. Darren K. Indyke & Richard D. Kahn*, Case No. 24-CV-1204 (AS).

**RESPONSE TO REQUEST**

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request to the extent that it is duplicative of Request Nos. 1, 2, and 10. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 16**

Produce all documents listing the names and total number of sexual assault victims that are alleged to have been sexually assaulted by Jeffrey Epstein.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors object to this Request to the extent that it is duplicative of Request No. 19. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request as vague and ambiguous with respect to the phrase "sexual assault victims that are alleged to have been sexually assaulted." The Co-Executors further object to this Request as they have no knowledge as to who, if anyone, Epstein actually sexually assaulted. The Co-Executors further

15

object to this Request on the grounds that any documents responsive to this Request would be based only allegations in civil lawsuits (or pre-civil lawsuit negotiations), which are not admissible for their truth in this matter.  The Co-Executors further object to this Request as duplicative in relevant part of documents already in Plaintiff's possession or publicly available, and thus equally available to Plaintiff from another, less burdensome source.  The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the Co-Executors refer Plaintiff to the publicly filed document in *Jane Doe 3 et al v. Indyke et al*, Case No. 1:24-cv-01204, Dkt. No. 181, at 7, 9, which describes the nearly 200 women who have settled claims.  The Co-Executors will not search for or produce additional documents in response to this Request.

### REQUEST NO. 17

Produce all documents that either support or refute the alleged sexual assaults of the victims identified in response to Request 16 above.

### RESPONSE TO REQUEST

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5.  The Co-Executors object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements.  The Co-Executors further object to this Request as vague, ambiguous, and not reasonably particular because it requires the Co-Executors to determine whether any particular document "either support[s] or refute[s]" allegations made by non-parties. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

16

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 18**

Produce all electronic communications between Jeffrey E. Epstein and any female who ever received a settlement payment for any alleged sexual assault committed by Jeffrey E. Epstein.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5.  The Co-Executors further object to this Request to the extent that it is duplicative of Request No. 7.  The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements.  The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 19**

Produce all promissory notes made by Jeffrey E. Epstein with any alleged victim of sexual assault.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5.  The Co-Executors object to this Request to the extent that it is duplicative of Request Nos. 4 and 8.  The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements.  The Co-Executors further object to this Request as vague and ambiguous with respect to the phrase "any alleged victim of sexual assault."  The Co-Executors further object to this Request as they have no knowledge as to who, if anyone has been sexually assaulted, or knowledge of everyone who has ever been alleged to be a victim of sexual assault.  The Co-Executors further object to this Request as duplicative in relevant part of

documents already in Plaintiff's possession or publicly available, and thus equally available to Plaintiff from another, less burdensome source. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 20**

Produce all audio or video recordings of Jeffrey E. Epstein in the company of any female.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors object to this Request to the extent that it is duplicative of Request No. 21. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 21**

Produce all audio or video recordings depicting any alleged sexual assault victim of Jeffrey E. Epstein.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors object to this Request to the extent that it is duplicative of Requests Nos. 8 and 10 of Plaintiff's First Set of Requests for Production, and Request No. 20 of Plaintiff's Second Set of Requests for Production. The Co-Executors further object to the term "alleged sexual assault victim of Jeffrey E. Epstein" as vague and ambiguous. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request because it seeks documents that are not relevant

18

to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 22**

Produce all audio or video recordings that depict Jeffrey E. Epstein engaging in any sexual act.

**RESPONSE TO REQUEST**

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 23**

Produce all material derived from or created for the purpose of investigating any claim of sexual assault made against Jeffrey E. Epstein or the Estate of Jeffrey E. Epstein.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors object to this Request to the extent it seeks documents protected from disclosure by the attorney-client privilege or the work product doctrine. The Co-Executors further object to this Request to the extent that it purports to require them to disregard existing court orders and/or confidentiality agreements. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 24**

All documents evidencing any admission of guilt made by Jeffrey E. Epstein regarding sexual assault.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case. The Co-Executors further object to this Request as vague, ambiguous, and not reasonably particular to the extent it seeks documents other than documents sufficient to identify a guilty plea entered in a court of law, because it would require the Co-Executors to determine whether any particular document is "evidenc[es] any admission of guilt" in unrelated matters.

Subject to and without waiving the foregoing objections, the Co-Executors will produce a copy of the judgment of conviction against Epstein in *State of Florida v. Jeffrey Epstein*, Case No. 06-CF009454-AMB, which was entered in connection with a plea of guilty to charges of solicitation of prostitution and solicitation of a minor. The Co-Executors will produce this notwithstanding the fact that the charge of conviction was not sexual assault.

**REQUEST NO. 25**

Produce all Non-Disclosure Agreements (NDA's) that reference Jeffrey E. Epstein, Ghislaine Maxwell or any Jeffrey E. Epstein related properties or employment.

**RESPONSE TO REQUEST**

The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

20

The Co-Executors will not search for or produce documents in response to this Request.

### REQUEST NO. 26

Produce all documents evidencing changes or modifications to Jeffrey E. Epstein's will or trust documents from the time he was arrested in July 2019 and the time of his death in August 2019.

### RESPONSE TO REQUEST

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

### REQUEST NO. 27

Produce all documents explaining or describing the criteria or reasoning for Jeffrey E. Epstein's determination of who to include as beneficiaries of the 1953 trust.

### RESPONSE TO REQUEST

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case. The Co-Executors further object to this Request to the extent it seeks documents protected by the attorney-client privilege.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 28**

Produce all documents evidencing the identities of the beneficiaries of Jeffrey E. Epstein's Estate.

**RESPONSE TO REQUEST**

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case. The Co-Executors further object to this Request on the grounds that Epstein's Will was probated and is publicly available from the Superior Court of the Virgin Islands, the jurisdiction in which the Will was probated, and is equally available to Plaintiff from another, less burdensome source.

The Co-Executors will not search for or produce documents in response to this Request.

**REQUEST NO. 29**

Produce all documents evidencing all outgoing wire transfers greater than $1,000,000.00 from Jeffrey E. Epstein or any company owned or controlled by Jeffrey E. Epstein between November 1, 2018, through and including August 10, 2019.

**RESPONSE TO REQUEST**

This Request is clearly "interposed for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," Fed. R. Civ. P. 26. The Co-Executors incorporate by reference Objections 1, 2, 3, 4, and 5. The Co-Executors further object to this Request because it seeks documents that are not relevant to the issues raised by the claims or defenses of any party, or are not proportional to the needs of the case.

The Co-Executors will not search for or produce documents in response to this Request.

Dated:  March 20, 2025


/s/ Bennet J. Moskowitz                    
Bennet J. Moskowitz


**TROUTMAN PEPPER LOCKE LLP**

875 Third Avenue
New York, New York 10022
Telephone: (212) 704-6000
Email: bennet.moskowitz@troutman.com

Scott J. Link (*pro hac vice*)

**LINK & ROCKENBACH, PA**

1555 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33401
Telephone: (561) 847-4408
Email: scott@linkrocklaw.com

*Attorneys for Defendant Darren K. Indyke, in
his capacity as Co-Executor for the Estate of
Jeffrey E. Epstein*

/s/ Daniel S. Ruzumna                    
Daniel S. Ruzumna
Amy N. Vegari


**PATTERSON BELKNAP WEBB & TYLER
LLP**

1133 Avenue of the Americas
New York, New York 10036
Telephone: (212) 336-2000
Email: druzumna@pbwt.com
Email: avegari@pbwt.com

*Attorneys for Defendant Richard D. Kahn, in his
capacity as Co-Executor for the Estate of Jeffrey
E. Epstein*

23