# Exhibit D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JANE DOE 200,

              *Plaintiff,*

v.

DARREN K. INDYKE and RICHARD D. KAHN AS
CO-EXECUTORS OF THE ESTATE OF JEFFREY E.
EPSTEIN,

              *Defendants.*

Civil Action No. 1:24-cv-4775-ER

### NON-PARTY DARREN K. INDYKE'S RESPONSES AND OBJECTIONS TO PLAINTIFF JANE DOE 200'S SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 45, non-party Darren K. Indyke hereby responds and objects to the Subpoena to Produce Documents returnable March 19, 2025 and issued by Plaintiff Jane Doe 200 (the "Subpoena").

### GENERAL OBJECTIONS AND LIMITATIONS

Mr. Indyke generally objects to the Subpoena, including all document requests contained in Schedule A thereto (the "Requests"), as follows:

1.      Mr. Indyke's responses and objections are made solely for the purposes of discovery in this action, and any documents produced in response to the Subpoena are solely for use in this action.

2.      Mr. Indyke objects to the Requests on the ground that the applicable time period is unlimited, rendering the Requests overly broad and unduly burdensome. To the extent the Requests call for documents related to time periods other than the period of the conduct alleged in the pleadings, those documents are not relevant to the claims or defenses in this action, not

proportional to the needs of this case, and were sent or received by Mr. Indyke in his capacity as an attorney for Jeffrey E. Epstein ("Epstein") or as a co-executor of the Epstein Estate. Accordingly, to comport with the time frame at issue in this action, Mr. Indyke will interpret the time period applicable to the Requests to be January 1, 1999 through December 31, 2003 and will produce documents only from that time period.

3.      Mr. Indyke objects to the Requests to the extent they call for documents that Plaintiff has already obtained or can more readily obtain through party discovery.

4.      Mr. Indyke objects to the Requests to the extent they seek documents or information that is subject to any protective order or confidentiality agreement, including with respect to maintaining the anonymity of women who alleged they were abused by Epstein.

5.      Mr. Indyke objects to the Requests to the extent they seek documents or information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege, immunity or protection from discovery.  Mr. Indyke will exclude from his production any documents that are subject to any applicable privilege, immunity or protection from discovery.  To the extent Mr. Indyke produces any privileged or otherwise protected document, such production is inadvertent. Pursuant to Federal Rule of Evidence 502, Mr. Indyke's inadvertent production of any document shall not be deemed to be a waiver of (a) any applicable privilege, immunity or protection from disclosure with respect to such document or any other document, or with respect to the subject matter of such document or any information contained therein; or (b) any ground for objection to the use of such document or the information contained therein in this or any other proceeding. Pursuant to Federal Rule of Evidence 502, Mr. Indyke reserves the right to require the return or destruction of any inadvertently produced document.

6.      Where Mr. Indyke states that he will produce documents responsive to a Request (or makes a statement of similar import), Mr. Indyke does not concede that any such documents actually exist or are reasonably accessible.  Mr. Indyke will conduct reasonable searches for documents that are in his possession, custody or control and are contained in sources that are reasonably accessible, appropriate for such searches, and in which he reasonably expects responsive documents to exist, consistent with Mr. Indyke's obligations as a non-party to this case. To the extent that any agreed search proves to be unduly burdensome, unduly expensive, or beyond the reasonable capacity of the system(s) available to Mr. Indyke, he reserves the right to amend the search parameters or object to the relevant Request in whole or in part.

7.      Where Mr. Indyke states that he will not search for or produce documents responsive to any Request (or makes a statement of similar import), Mr. Indyke does not concede that any such documents actually exist or are reasonably accessible.

8.      Nothing in these responses and objections, nor in Mr. Indyke's production of any documents in response to the Requests, is intended to waive or shall be construed as a waiver of his right to object to the authenticity, relevance, competency, or admissibility of any document or information.  By responding to the Requests or producing responsive documents, Mr. Indyke does not concede that the information requested is relevant, material or admissible in this or any other proceeding.

9.      Mr. Indyke reserves the right to supplement, amend or correct all or part of his responses and objections to the Requests and to avail himself of the Stipulated Protective Order entered in this action.

3

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

Mr. Indyke's responses and objections to specific Requests set forth below incorporate, as applicable, the General Objections and Limitations, as if each were fully set forth herein.

## REQUEST NO. 1

*"All emails or other correspondence sent by you or anyone in your office, Darren K. Indyke PLLC, related to Jane Doe 200."*

## RESPONSE TO REQUEST NO. 1

Mr. Indyke objects to Request No. 1 on the additional grounds that the request for "[a]ll" correspondence that concerns Jane Doe 200 in any way, regardless of whether that correspondence relates to issues relevant to this litigation, is overly broad, unduly burdensome, and seeks documents that are neither relevant to the claims or defenses in this action nor proportional to the needs of this case. Mr. Indyke further objects to Request No. 1 on the ground that it imposes an undue burden and expense on him, a non-party, by demanding that he conduct large-scale searches and review of records over a several-year period, in contravention of Federal Rule of Civil Procedure 45(d)(1).

Subject to and without waiver of any of the foregoing objections, Mr. Indyke will produce non-privileged documents responsive to Request No. 1.

## REQUEST NO. 2

*"All emails or correspondence received by you or anyone in your office, Darren K. Indyke PLLC, related to Jane Doe 200."*

## RESPONSE TO REQUEST NO. 2

Mr. Indyke objects to Request No. 2 on the additional grounds that the request for "[a]ll" correspondence that concerns Jane Doe 200 in any way, regardless of whether that correspondence relates to issues relevant to this litigation, is overly broad, unduly burdensome, and seeks

documents that are neither relevant to the claims or defenses in this action nor proportional to the

needs of this case.  Mr. Indyke further objects to Request No. 2 on the ground that it imposes an

undue burden and expense on him, a non-party, by demanding that he conduct large-scale searches

and review of records over a several-year period, in contravention of Federal Rule of Civil

Procedure 45(d)(1).

Subject to and without waiver of any of the foregoing objections, Mr. Indyke will produce

non-privileged documents responsive to Request No. 2.

**REQUEST NO. 3**

*"All documents or communications exchanged between You and Jeffrey Epstein discussing claims of sexual assault, rape, and/or concealment of the same."*

**RESPONSE TO REQUEST NO. 3**

Mr. Indyke objects to Request No. 3 on the additional grounds that the request for all

documents and communications exchanged between Mr. Indyke and Epstein concerning any claim

by anyone of sexual assault, rape, or concealment of sexual assault or rape is overly broad, unduly

burdensome, and seeks documents concerning individuals and allegations that are distinct from

Plaintiff's allegations and are therefore neither relevant to the claims or defenses in this action nor

proportional to the needs of this case.  Mr. Indyke further objects to Request No. 3 on the ground

that it imposes an undue burden and expense on him, a non-party, by demanding that he conduct

large-scale searches and review of records over a several-year period, in contravention of Federal

Rule of Civil Procedure 45(d)(1).

Subject to and without waiver of any of the foregoing objections, Mr. Indyke will produce

non-privileged documents responsive to Request No. 3 to the extent they concern Jane Doe 200.

**REQUEST NO. 4**

*"All documents or communications exchanged between You and Lesley Groff discussing*

*claims of sexual assault by Jeffrey Epstein and/or concealment of the same."*

**RESPONSE TO REQUEST NO. 4**

Mr. Indyke objects to Request No. 4 on the additional grounds that the request for all documents and communications exchanged between Mr. Indyke and Ms. Groff concerning any claim by anyone of sexual assault or concealment of the same is overly broad, unduly burdensome, and seeks documents concerning individuals and allegations that are distinct from Plaintiff's allegations and are therefore neither relevant to the claims or defenses in this action nor proportional to the needs of this case. Mr. Indyke further objects to Request No. 4 on the ground that it imposes an undue burden and expense on him, a non-party, by demanding that he conduct large-scale searches and review of records over a several-year period, in contravention of Federal Rule of Civil Procedure 45(d)(1).

Subject to and without waiver of any of the foregoing objections, Mr. Indyke will produce non-privileged documents responsive to Request No. 4 to the extent they concern Jane Doe 200.

**REQUEST NO. 5**

*"All documents or communications exchanged between You and Bella Klein discussing claims of sexual assault by Jeffrey Epstein and/or concealment of the same."*

**RESPONSE TO REQUEST NO. 5**

Mr. Indyke objects to Request No. 5 on the additional grounds that the request for all documents and communications exchanged between Mr. Indyke and Ms. Klein concerning any claim by anyone of sexual assault or concealment of the same is overly broad, unduly burdensome, and seeks documents concerning individuals and allegations that are distinct from Plaintiff's allegations and are therefore neither relevant to the claims or defenses in this action nor proportional to the needs of this case. Mr. Indyke further objects to Request No. 5 on the ground that it imposes an undue burden and expense on him, a non-party, by demanding that he conduct

large-scale searches and review of records over a several-year period, in contravention of Federal

Rule of Civil Procedure 45(d)(1).

Subject to and without waiver of any of the foregoing objections, Mr. Indyke will produce

non-privileged documents responsive to Request No. 5 to the extent they concern Jane Doe 200.

**REQUEST NO. 6**

*"All documents or communications exchanged between You and Richard Khan [sic]*
*discussing claims of sexual assault by Jeffrey Epstein and/or concealment of the same."*

**RESPONSE TO REQUEST NO. 6**

Mr. Indyke objects to Request No. 6 on the additional grounds that the request for all

documents and communications exchanged between Mr. Indyke and Mr. Kahn concerning any

claim by anyone of sexual assault or concealment of the same is overly broad, unduly burdensome,

and seeks documents concerning individuals and allegations that are distinct from Plaintiff's

allegations and are therefore neither relevant to the claims or defenses in this action nor

proportional to the needs of this case. Mr. Indyke further objects to Request No. 6 on the ground

that it imposes an undue burden and expense on him, a non-party, by demanding that he conduct

large-scale searches and review of records over a several-year period, in contravention of Federal

Rule of Civil Procedure 45(d)(1).

Subject to and without waiver of any of the foregoing objections, Mr. Indyke will produce

non-privileged documents responsive to Request No. 6 to the extent they concern Jane Doe 200.

**REQUEST NO. 7**

*"All documents or communications exchanged between You and Richard Khan [sic]*
*discussing allegations of sexual abuse by Jeffrey Epstein."*

**RESPONSE TO REQUEST NO. 7**

Mr. Indyke objects to Request No. 7 on the additional grounds that the request for all

documents and communications exchanged between Mr. Indyke and Mr. Kahn concerning any

claim by anyone of sexual assault or concealment of the same is overly broad, unduly burdensome, and seeks documents concerning individuals and allegations that are distinct from Plaintiff's allegations and are therefore neither relevant to the claims or defenses in this action nor proportional to the needs of this case. Mr. Indyke further objects to Request No. 7 on the ground that it imposes an undue burden and expense on him, a non-party, by demanding that he conduct large-scale searches and review of records over a several-year period, in contravention of Federal Rule of Civil Procedure 45(d)(1). Mr. Indyke further objects to Request No. 7 on the ground that it is duplicative of Request No. 6.

Subject to and without waiver of any of the foregoing objections, Mr. Indyke will produce non-privileged documents responsive to Request No. 7 to the extent they concern Jane Doe 200.

**REQUEST NO. 8**

*"All documents or communications exchanged between You and Richard Khan [sic] discussing the settlement of any sexual abuse claims against Jeffrey Epstein or the Estate of Jeffrey Epstein."*

**RESPONSE TO REQUEST NO. 8**

Mr. Indyke objects to Request No. 8 on the additional grounds that the request for all documents and communications exchanged between Mr. Indyke and Mr. Kahn concerning any claim by anyone of sexual assault or concealment of the same is overly broad, unduly burdensome, and seeks documents concerning individuals and allegations that are distinct from Plaintiff's allegations and are therefore neither relevant to the claims or defenses in this action nor proportional to the needs of this case. Mr. Indyke further objects to Request No. 8 on the ground that it imposes an undue burden and expense on him, a non-party, by demanding that he conduct large-scale searches and review of records over a several-year period, in contravention of Federal Rule of Civil Procedure 45(d)(1). Mr. Indyke further objects to Request No. 8 on the ground that

8

it would require him to search for and produce documents and communications regarding the

settlement of legal claims against Epstein, whom Mr. Indyke represented as counsel, and against

Epstein's estate, which Mr. Indyke is co-administering with assistance from outside counsel.

Because the nature of the requested documents is legal, any responsive materials are highly likely

to be privileged and not subject to production in this case.  Mr. Indyke further objects to Request

No. 8 on the ground that any documents responsive to that Request would be inadmissible evidence

of compromise under Federal Rule of Evidence 408.  Accordingly, Mr. Indyke declines to search

for or produce documents responsive to Request No. 8.

**REQUEST NO. 9**

        *"All documents or communications evidencing payments made to You by the Estate of Jeffrey Epstein."*

**RESPONSE TO REQUEST NO. 9**

        Mr. Indyke objects to Request No. 9 on the additional ground that documents concerning

payments to Mr. Indyke by the Estate of Jeffrey Epstein, for which Mr. Indyke serves as a co-

executor, are irrelevant to the claims and defenses in this action.  Accordingly, Mr. Indyke

declines to search for or produce documents responsive to Request No. 9.

**REQUEST NO. 10**

        *"All documents or communications evidencing the beneficiaries of Jeffrey Epstein's 1953 Trust."*

**RESPONSE TO REQUEST NO. 10**

        Mr. Indyke objects to Request No. 10 on the additional ground that documents concerning

the beneficiaries of Epstein's 1953 Trust are irrelevant to the claims and defenses in this action.

Accordingly, Mr. Indyke declines to search for or produce documents responsive to Request No.

10.

**REQUEST NO. 11**

*"All documents or communications identifying You as a beneficiary of Jeffrey Epstein's Estate."*

**RESPONSE TO REQUEST NO. 11**

Mr. Indyke objects to Request No. 11 on the additional ground that documents concerning

the beneficiaries of Epstein's Estate are irrelevant to the claims and defenses in this action.

Accordingly, Mr. Indyke declines to search for or produce documents responsive to Request No.

11.


Dated:  March 19, 2025
       New York, New York

                                        */s/ Daniel H. Weiner*
                                        Daniel H. Weiner
                                        Marc A. Weinstein
                                        Fara Tabatabai

                                        HUGHES HUBBARD & REED LLP
                                        One Battery Park Plaza
                                        New York, NY 10004
                                        Tel:  (212) 837-6000
                                        daniel.weiner@hugheshubbard.com
                                        marc.weinstein@hugheshubbard.com
                                        fara.tabatabai@hugheshubbard.com

                                        *Attorneys for Non-Party Darren K. Indyke*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on the 19th day of March 2025, a true and correct copy of the foregoing document was served upon counsel of record for Plaintiff Jane Doe 200 via e-mail.

*/s/ Daniel H. Weiner*
Daniel H. Weiner
